## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

URA CLERK                                                        PETITIONER
Reg #36276-044

v.                           Case No. 2:18-cv-00112 JTK

ANTHONY HAYNES, *Warden*,
FCI-Forrest City Low                                            RESPONDENT

## MEMORANDUM AND ORDER

This matter is before the undersigned United States Magistrate Judge of the District Court on the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 by federal prisoner Ura Clerk.[1]  (Docket Entry # 1) For the reasons discussed below, the case is dismissed.

## DISPOSITION

I.  Background

Clerk is presently incarcerated at the Federal Correctional Complex in Forrest City, Arkansas. Petitioner's federal sentence stems from a Superceding Indictment in the United States District Court for the Eastern District of Missouri (Eastern Division).  Clerk, along with two others, were charged with two counts of bank robbery (counts one and three, each carrying a penalty of 2-25 years and up to a $250,000 fine) and two counts of brandishing, using, and carrying a firearm in furtherance of a crime of violence (counts two and four, each carrying a penalty of 2-7 years to Life and up to a $250,000 fine).  (Docket Entry #10-1) Clerk entered into

_____

[1]Clerk consented to the jurisdiction of the United States Magistrate Judge on May 20, 2019. (Docket Entry #13)

a plea agreement in which he pleaded guilty to counts one, two, and three.  (Docket Entry #10-2) The Court imposed a sentence of 171 months in the United States Bureau of Prisons—-51 months on each of counts one and three, to be served concurrently to each other and 120 months on count two, to be served consecutively to counts one and three.  (Docket Entry #10-3)

In this § 2241 petition, Clerk is challenging the validity of his conviction or sentence as imposed.  Specifically, Clerk argues that his § 924(c) sentence in count two of the Superceding Indictment must be dismissed as null and void in light of the United States Supreme Court decisions in *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015) and *Sessions v. Dimaya*, 138 S. Ct. 1204 (April 17, 2018).[2]  He argues the residual clause of § 924(c)(3)(B) is unconstitutionally vague, and that, in light of *Dimaya*, the federal bank robbery statute no longer qualifies as a crime of violence under the use-of-force clause of § 924(c)(3)(A).  (Docket Entry #2) Consequently, Clerk contends federal bank robbery cannot qualify as a crime of violence under § 924(c).[3] He requests that the Court vacate his sentence and remand for re-sentencing.

II.  Discussion

---

[2]In *Johnson*, the United States Supreme Court held that the definition of "violent felony" in the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague.  *Dimaya* held that the definition of "crime of violence" in the residual clause of 18 U.S.C. § 16(b) was unconstitutionally vague.

[3]18 U.S.C. § 924(c) mandates minimum sentencing enhancements for person convicted of a "crime of violence" who use or carry a firearm in furtherance of such crime.  18 U.S.C. § 924(c)(3) (2006) defined a "crime of violence" to include a conviction that is a felony and "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

A challenge to the lawfulness of a federal conviction and sentence generally must be made in the sentencing court through a 28 U.S.C. § 2255 motion to vacate, set aside or correct. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), *cert. denied*, 545 U.S. 1147 (2005); *see* § 2255 (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence). Because a § 2255 motion attacks the validity of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court that convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986).

A limited exception to this rule is found in the "savings clause" of § 2255(e), which permits a federal court in the district of incarceration to entertain a § 2241 habeas corpus petition challenging the validity of a conviction or sentence only if the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "is inadequate or ineffective to test the legality of . . . [his] detention." *DeSimone*, 805 F.2d at 323 (quoting § 2255). The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir 2010).

The Eighth Circuit Court of Appeals has specifically held that a § 2241 petition in the district of incarceration cannot be used to raise an issue which could have been, or actually was, raised in a direct appeal or a § 2255 motion in the sentencing district. *Id.*; *see also Nichols v. Symmes*, 553 F.3d 647, 650 (8th Cir. 2009); *Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003). Moreover, just because procedural barriers prevent a petitioner from pursuing § 2255 relief does not render that remedy "inadequate or ineffective" under the savings clause. *Lopez-Lopez*, 590

F.3d at 907.

Clerk's claim in this § 2241 petition clearly challenges the validity of his conviction and sentence, which falls squarely as a challenge appropriately brought in a § 2255 motion before the sentencing court.  He could have filed a timely motion with that court pursuant to section 2255(f)(3).[4]  Nevertheless, the failure to file a timely motion does not render the remedy inadequate or ineffective to justify a § 2241 petition in this court.  *Id.*; *Hill v. Morrison*, 349 F.3d at 1091.  Therefore, because this Court lacks subject matter jurisdiction to consider Clerk's challenge to his conviction and sentence imposed by the United States District Court for the Eastern District of Missouri, this § 2241 habeas action must be dismissed.

In his Reply to the Response, Clerk requests the Court to hold his case in abeyance until the United States Supreme Court decides *United States v. Davis,* 139 S. Ct. 782 (Jan. 4, 2019).

---

[4]Even if Petitioner had timely filed a § 2255 motion, it would have likely been unsuccessful. Petitioner was charged with bank robbery in violation of 18 U.S.C. § 2113(a) and (d), which provides:

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association...

> (d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device shall be fined under this title or imprisoned not more than twenty-five years, or both.

Under 18 U.S.C. § 924(c)(3)(A), a crime qualifies as a predicate crime of violence if it has as an element the use, attempted use, or threatened use of physical force against the person or property of another.  In *United States v. Harper*, 869 F.3d 624, 626-27 (8th Cir. 2017), the Eighth Circuit Court of Appeals determined that bank robbery under § 2113(a) is a crime of violence under the force clause of § 924(c)(3)(A) and not the residual clause of §924(c)(3)(B).  *See Allen v. United States*, 836 F.3d 894, 894-95 (8th Cir. 2016) (per curiam) (bank robbery in violation of section 2113(a) and (e) is a "crime of violence" under the force clause of 18 U.S.C. § 924(c)(3)(A)); *see also Barber v. United States*, 2018 WL 3619511 (E.D. Mo., July 30, 20185).

(Docket Entry #11)  The undersigned recommends that the request be denied.

*Davis* derives from the Fifth Circuit Court of Appeals and raises the issue of whether the subsection-specific definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B), which applies only in the limited context of a federal criminal prosecution for possessing, using, or carrying a firearm in connection with acts comprising such a crime, is unconstitutionally vague.  The Supreme Court heard argument in the matter on April 17, 2019, and a ruling on the case is currently pending.

Even if the Supreme Court were to find the definition unconstitutionally vague, and it were to be applied retroactively, the sentencing court, and not this Court, would be the appropriate forum to address any potential challenges Clerk would make.

III.  Conclusion

IT IS THEREFORE ORDERED THAT this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, Docket Entry #1, is denied and the case is dismissed, without prejudice.  The request to hold this matter in abeyance pending the outcome of the United States Supreme Court's decision in *United States v. Davis* is denied.

SO ORDERED this 31ˢᵗ day of May, 2019.

_____
UNITED STATES MAGISTRATE JUDGE